# UNITED STATES BANKRUPTCY COURT

**2017 NOV 20  A 11: 30** NEW HAVEN DISTRICT OF CONNECTICUT

FILED
CLERK.U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

In re Lula Mae Woodson ,

Debtor

Case No.  17-31023 amn

Chapter 7

## DEBTOR'S MOTION TO DISMISS THE BANKRUPTCY CASE

Lula Mae Woodson, debtor, moves the court:

**1.**

Debtor filed a petition under Chapter 7 of the Bankruptcy Code on July 11, 2017.

**2.**

Debtor moves the court to dismiss this case.

**3.**

Debtor moves the Honorable Bankruptcy Judge and court to dismiss her case. This ground is set forth-more fully in the accompanying memorandum of law.

**4.**

Debtor feels that he/she can resolve his/her financial affairs with creditors without the aid of proceedings under the Bankruptcy Code and that the best interests of debtor and his/her creditors are served by dismissal of this case.

WHEREFORE, debtor prays for an order dismissing this case.

Dated: 11- 14         , 20 17        _Lula M Woodson_____

Debtor, Lula Mae Woodson, pro se

# CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 14th day of November, 2017, to:

Regional Water Authority
PO Box 981102
Boston, MA 02298-1102

Achieve Investment Group, LLC
PO Box 9209
New Haven, CT 06533

Greater New Haven
Water Pollution Control Authority
PO Box 150486
Hartford, CT 06115

Howard Lee Schiff P.C.
510 Tolland Street
PO Box 280245
East Hartford, CT 06108

Debtor Lula Mae Woodson pro se
1012 Old Colony Road, Lot 46
Meriden, CT 06451

## UNITED STATES BANKRUPTCY COURT

## NEW HAVEN DISTRICT OF CONNECTICUT

**2017 NOV 20  A 11: 30**

In re Lula Mae Woodson ,                                    Case No.  17-31023 and FILED
   Debtor                                              CLERK U.S. BANKRUPTCY COURT
                                       Chapter 7                DISTRICT OF CONNECTICUT
                                                    NEW HAVEN

## THE DEBTOR'S MEMORANDUM INSUPPORT OF DEBTOR'S MOTION TO DISMISS THE BANKRUPTCY CASE

### COMPLAINT

The debtor hereby moves the court to dismiss this case for the following reasons:

### FACTS

1. This case appears to stem from a dispute between debtor's son, Kwame Nkrumah POA, creditor Greater New Haven Water Pollution Control Authority and Regional Water Authority over the title owner of 216-218 Spring Street.  The two creditors' mistakenly believe that Nkrumah is the title owner and put the water bill and WPCA bill into Nkrumah's name without Nkrumah's consent.

2. Debtor contends that Nkrumah is not the title owner of said property at 216-218 Spring Street.  "See attached addendum Exhibit A" New Haven Superior Court Judge's ruling in support of claim.

3. Debtor contends that Nkrumah filed bankruptcy against creditor Regional Water Authority for the same $44,000 or more water bill that's now in debtor's name without her consent.  "See attached addendum Exhibit B" Nkrumah's water bill and Bankruptcy in Support of Claim.

4. Debtor contends that creditor Regional Water Authority put Nkrumah's $44,00 or more

water bill into her name without her consent which is illegal to do. "See attached

addendum Exhibit C" In Support of Claim.

5. Debtor contends that creditor Greater New Haven Water Pollution Control Authority

put Nkrumah's $6,900 or more WPCA bill into her name without her consent. "See

attached addendum Exhibit D" In Support of Claim.

6. Debtor contends that she does not owe the two creditors WPCA $6,900 or more and

Regional Water Authority $44,000 or more for the following reasons.

1.Debtor contends that Oral Utilities Bills according to State Law the Statute of

Limitations on debt is 3 years. Since these two creditor bills are over 3 years old it has

exceeded the Statute and is hereby invalid and "Time-Barred."

2.Debtor contends that Written Utilities Bills according to State Law the Statute of

Limitations on debt is 6 years. Since these two creditor bills are over 6 years old it has

exceeded the Statute and is hereby invalid and "Time-Barred."

3.Debtor contends that the two creditor bills by attempting to collect from her are in

violation of the Fair Debt Collection Practices Act "See attached addendum Exhibit E"

two creditor bills attempting to collect debt from debtor In Support of Claim.

4.Debtor contends that the two creditor bills are in violation of The Connecticut Statute

of Limitations on Debt Collection.

5.Debtor contends that (FDCPA) passed by Congress in 1977 to protect innocent people

like debtor who is being abused through unfair and deceptive practices by WPCA and

Regional Water Authority at this present time.

2

6.Debtor requests that The Honorable Bankruptcy Judge and Court have the Federal

Trade Commission investigate the New Haven Regional Water Pollution Control

Authority and Regional Water Authority for abusive, unfair and deceptive practices

against debtor.

7. Debtor contends that she does not owe ACHIEVE INVESTMENT GROUP, LLC anything

"See attached addendum Exhibit F" In Support of Claim.

8. Debtor contends that she owes creditor Howard C. Schiff P.C. less than $400 that she

agrees to pay off forth-with upon receiving the pay off of said debt.

9. Debtor contends that Kara S. Rescia, Trustee violated her 6th Amendment Rights and

14th Amendment Rights in the following ways at the 341 meeting.

1.Debtor contends Nkrumah stated to the Trustee that he was acting as Power of

Attorney and that he signed bankruptcy petition and did everything for debtor and that

debtor possesses no knowledge of the law in relation to the facts.

2.Debtor contends that she gave Power of Attorney to her son Kwame Nkrumah and

that the Trustee prevented Nkrumah from representing her by stating, "the court does

not recognize his POA document or any POA document.

3.Debtor contends she is 86 years of age and suffers from glaucoma in both eyes and is

unable to read a bankruptcy document.

4.Debtor contends that she is feeble minded, suffers from dementia, mild Alzheimer's

Disease, diabetes, high blood pressure and severe arthritis and does not remember

what happened at her 341 meeting.

3

10. Debtor contends that she was nervous and afraid because the Trustee and Nkrumah

were shouting loudly at each other, which caused the Court Marshalls to stand over her.

11. Debtor contends that she was scared and thought the Marshalls would arrest her and

Nkrumah at the 341 meeting if she didn't do what the Trustee told her to do.

12. Debtor contends that the Trustee knowingly, willfully and intentionally concocted,

fabricated and misled her by stating that the Bankruptcy Court does not recognize

Nkrumah's POA or any POA document

13. Debtor who is feeble minded contends that the Trustee knew that she did not sign the

Bankruptcy Petition, however, still had debtor take an Oath in violation of debtor's

United States Constitutional Rights.

14. Debtor contends that her 341 meeting was unfair and full of deceit by the Trustee and

should be dismissed.

15. Debtor contends that the Trustee misled and discouraged her by stating that if she filed

a motion to withdraw the petition with the court, the judge would not grant it.

16. Debtor contends the Trustee then told her she could help her do a chapter 13 which

was most likely the best thing to do.

17. Debtor contends that the court official knocked on the door numerous times telling the

Trustee to stop the hearing which said Trustee did not do this caused the 341 meeting

to last more than a half hour which caused the debtor to suffer low blood sugar and

dizziness due to her being diabetic and not being able to have her snack.

18. Debtor contends that said Trustee knew or should have know that she was usurping

4

from debtor's possession 216-218 Spring Street in violation of the United States

Constitution.

19. Debtor contends that said Trustee violated her 4th Amendment Rights and the seizure

and interference with her possessing interest in said property at 216-218 Sprint Street,

New Haven, Connecticut.

20. Debtor contends that Trustee's statements and omissions were false and known by

Trustee to be false or were made with a reckless indifference to the truth.

21. Debtor contends that the Trustee's statements and omissions were made in order to

induce debtor to act in reliance on those statements that the Bankruptcy Court does not

recognize Power of Attorney document.

22. Debtor contends that she justifiably relied on the Trustee's fraudulent

misrepresentation and omissions of material fact in entering into being sworn in and

representing herself of said property at 216-218 Spring Street but for those

misrepresentations debtor would not have represented herself at the 341 meeting.

23. Debtor contends that she has suffered serious injury as the proximate result of the

fraudulent misrepresentations and omissions of material fact committed by the Trustee

including without limitation:  the unknowing seizure and sale of her property by the

Trustee.

24. Debtor contends that the Trustee had dual roles in the transaction in representing

debtor and failed to meet the standards for each profession.  Trustee is liable for

malpractice for negligently failing to meet the standard of a reasonable Trustee in the

5

United State Bankruptcy Court New Haven District of Connecticut.

25. Debtor contends that the Trustee "did not faithfully perform the duties of her office and committed acts of misfeasance (and/or) malfeasance in the performance of her duties in that"

1. Trustee concocted when she stated to debtor that the Bankruptcy Court does not recognize debtor's Power of Attorney document or a Power of Attorney document.

2. Trustee knowingly and intentionally misled debtor when she stated to that the judge would not dismiss the case if debtor filed a motion to dismiss the case.

26. Debtor contends that said Trustee coerced, unwittingly duped, and hoodwinked her into taking the oath and submitting to the jurisdiction of the bankruptcy court without a lawyer in violation of her 6th Amendment Rights at the 341 meeting

27. Debtor contends that said Trustee has violated her 14th Amendment Rights by taking debtor's property without due process of law and Equal Protection of the Law at the 341 meeting.

28. Debtor contends that the Trustee violated her 5th Amendment Rights.  The right not to incriminate herself at the 341 meeting.

29. Debtor contends that the 341 meeting by the Trustee was flawed, infirmed and cannot Pass constitutional muster and must fall on it's face and should be dismissed.

30. Debtor contends that she was induced, misled, and deceived by the Trustee into speaking to her when the Trustee stated that the Bankruptcy Court does not recognize a Power of Attorney or debtor's Power of Attorney.

6

31. Debtor contends that she is suffering nightmares and anxiety and is afraid of the trustee

now that she has come to realized that the Trustee only wanted to take her home away

from her by unconscionable means and by any unfair means necessary at her 341

meeting.

32. Debtor contends that the Trustee was acting under the color of law at all times relevant

to the complaint.

33. Debtor contends that she is a Citizen of the United States under amendment XIV in

section 1 the Trustee deprived debtor of her property at 216-218 Spring Street, New

Haven, Connecticut without due process of the law; and denied debtor equal protection

of the laws.

34. Debtor contends that she was victimized by the Trustee at the 341 meeting and that it

should be thrown out and her Bankruptcy Petition dismissed.

35. Debtor contends that the Trustee after continuing the 341 meeting suddenly stated to

Nkrumah, bring the Power of Attorney document and other documents when you come

back on your continuance date. Do you understand? However, if the POA is not

recognized in bankruptcy court, why would said Trustee request it be brought to the

continuance?

36. Debtor contends that her Power of Attorney document should have been recognized by

the Trustee and the court at her 341 meeting and because it was not, her 341 meeting

was in violation of her Constitution Rights to a fair 341 meeting.

7

37. Debtor contends she has invested her life's savings into 216-218 Spring Street in order to secure a first floor home with handicap accessibility including but not limited to reserved parking and ramp entrances and exits to assist her due to her advanced age.

38. Debtor who possesses no knowledge of the law in relation to the facts contends that the Trustee stripped her of her rights and failed to provide her with the Constitutional panoply safeguards which are provided to other US Citizens at their 341 meeting

(1) That the Trustee failed to inform debtor that she had a Constitutional Right to counsel at the hearing before having her represent herself. (2) That Trustee failed to inform debtor that she had a Constitutional Right to sign her bankruptcy petition since the Trustee knew the debtor had not signed her bankruptcy petition. (3) That the Trustee failed to inform the debtor that she had a Constitutional Right to read her bankruptcy petition since debtor had not read it. (4) That the Bankruptcy Trustee failed to inform debtor that she had a Constitutional Right not to incriminate herself at the hearing. (5) That the Trustee failed to inform debtor that by talking to her without a lawyer could subject debtor to bankruptcy fraud and be arrested for hiding assets. (6) Debtor contends that the Trustee unwittingly duped, misled and deceived her into making her statements and that they were made unknowingly and unintelligently, and were made to the Trustee in violation of debtor's United States Constitutional Rights at her 341 meeting and should be thrown out by this Honorable Bankruptcy Judge And Court.

8

39. Kwame Nkrumah POA asks the court to grant him standing to this case because the

Trustee conjured, fabricated by stating that the court does not recognize a POA

document or Nkrumah's POA document this prevented Nkrumah to represent debtor

who has no knowledge of the law in relation to the facts and was an unarmed prisoner

against a gladiator and that Nkrumah's POA and debtor's Constitutional Rights were

trampled on and violated by the Trusteed at their 341 meeting. And therefore the

bankruptcy petition should be dismissed.

40. Debtor repeats, realleges and incorporates by reference the allegations in paragraphs 1

through 38 above with the same force and effect as herein set forth.

## CONCLUSION

For the reasons set forth above, the debtor requests that her motion To DISMISS THE
BANKRUPTCY CASE BE GRANTED.

*Lula m Woodson*

Debtor Lula Mae Woodson pro se
1012 Old Colony Road, Lot 46
Meriden, CT 06451

9

# "EXHIBIT A"

KWAME NKRUMAH

NEW HAVEN SUPERIOR COURT

V.

NOVEMBER 19, 2010

ANNIE KNIGHT, ET AL

SPNH 1004-101063

--------------------------------------------------------------------------------

KWAME NKRUMAH

NEW HAVEN SUPERIOR COURT

V.

NOVEMBER 19, 2010

DEMETRIA SMITH, AKA DOE, ET AL

SPNH 1004-101060

KWAME NKRUMAH

NEW HAVEN SUPERIOR COURT

V.

NOVEMBER 19, 2010

PRISCILLA GREEN, ET AL

SPNH 1004-101061

KWAME NKRUMAH

NEW HAVEN SUPERIOR COURT

V.

NOVEMBER 19, 2010

WILFREDO SANTAIGO, AKA SANTIAGO, ET AL

SPNH 1004-101062

## MEMORANDA OF DECISION

The captioned cases involve the same purported landlord/plaintiff seeking summary process relief against the defendants in all four cases. The defendants are tenants and or occupants of apartments within a multi-family apartment house at 216-218 Spring Street, New Haven CT.

The threshold issue in all cases was whether the plaintiff was the landlord/lessor/owner of the subject property.

The court bifurcated the trials, taking evidence on this threshold issue in all cases, with the acquiescence of all parties, and addressing this issue before considering the balance of the merits of the respective summary process claims and defenses.

**Findings of Fact**

1. Kwame Nkrumah, hereinafter "KH", has filed all of the captioned lawsuit alleging that he is the landlord/lessor of property known as 216-218 Spring Street, New Haven CT, hereinafter "Spring Street", and all of the defendants are tenants in Spring Street being evicted for non-payment of rent.

2. The defendants deny various allegations of several complaints, but consistently deny that KH is the landlord and instead assert that Carolyn Woodson, hereinafter "CW", is the landlord.

3. After several trial continuances were granted to allow both plaintiff and defendants to assemble their evidence bearing on the issues before the court, the issue of whether KH was the landlord/lessor or owner, as defined by Connecticut General Statutes 47a -1 (d) and (e)[1] was presented to the court on November 4, 2010.

4. KH testified and offered several documentary exhibits.

5. CW testified and offered several documentary exhibits.

6. Juan Clendinn, a tenant at Spring Street, also testified.

7. KH and CW are siblings.

8. In 2004 and 2005 CW lived in Oakland CA. She returned to CT in either 2007 or 2008 and has remained in CT since.

---

[1] 47a-1..

(d) "Landlord" means the owner, lessor or sublessor of the dwelling unit, the building of which it is a part or the premises.

(e) "Owner" means one or more persons, jointly or severally, in whom is vested (1) all or part of the legal title to property or (2) all or part of the beneficial ownership and a right to present use and enjoyment of the premises and includes a mortgagee in possession.

9. CW purchased 109-111 Hobart Street, New Haven CT on November 16, 2004.
   Ex. 1, paragraph 2.

10. On November 15, 2004 CW signed, sealed and delivered a Statutory Short Form
    Power of Attorney granting KH "attorney in fact powers with respect to the
    purchase, sale, refinancings (sic), management, leasings (sic), insurance and all
    other aspects concerning real property within the States of Connecticut and
    California." Ex. 2.

11. CW executed this Power of Attorney so as to allow her brother, KH, to manage
    the Hobart Street property.

12. On September 8, 2005 Robert E. Artis sold and conveyed Spring Street, via
    warranty deed, to CW in consideration of $277,000.00 (two hundred seventy
    seven thousand dollars). No other persons/entities appear on the deed as grantees.
    Ex. A.

13. KH claimed that he gave CW the money she used as a down payment because
    he'd recently been released from prison. He offered no documentary evidence to
    support this claim. CW denied this claim insisting she used her own money. The
    possibility of mortgage fraud and criminal conspiracy to defraud, the lack of
    counsel for all the parties, dictated that this court limited the testimony on this
    point.

14. The court finds that CW used her own money toward the purchase price of Spring
    Street.

15. CW executed a mortgage note and deed contemporaneously with the purchase in
    favor of a bank. No other persons/entities appear on the mortgage note and deed
    as grantor/obligor respectively.

16. CW has paid the mortgage payments on Spring Street since the 2005 purchase.

17. CW has not conveyed her interest in Spring Street to anyone since September 8,
    2005.

18. KH collected rents from tenants in Spring Street between 2005 and CW's return
    from CA in 2007 or 2008. KH deposited those rents in an account that CW
    controlled and from which CW paid the mortgage note on Spring Street.

19. CW collected rents from the tenants, including one or more of the instant
    defendants, in the captioned matter since the time of her return to CT in either
    2007 or 2008.

20. Juan Clendinn, a tenant, testified that he paid only CW, considered CW the
    landlord as she was the person who would respond to tenant concerns, and never
    met KH.

21. CW was the defendant/owner in the 2010 foreclosure action, CV 10 6007454,
    filed in connection with the non-payment of the municipal real estate taxes on
    Spring Street.

22. On April 25, 2009 KH, purportedly acting with and through the aforementioned
    Power of Attorney given to him by CW, conveyed via a handwritten, but
    notarized, Quit Claim Deed in consideration of $1.00 "(one dollar) and other
    valuable considerations not exceeding one hundred dollars") whatever right, title
    and interest KH, in his fiduciary capacity for CW might have, to Asaga Kendrick
    the Spring Street property. This deed was recorded on the New Haven Land
    Records. Ex. 3.

23. On May 11, 2009 CW executed and recorded an Affidavit of Facts Affecting Title
    Pursuant to CGS 47-12a on the New Haven Land records, Ex. 3. This document
    recites that the November 15, 2004 Power of Attorney executed by CW in favor
    of KH was orally revoked in 2008.

24. Asaga Kendrick conveyed, via a handwritten, but notarized, Quit Claim deed, his
    right, title and interest in the Spring Street property to KH on February 17, 2010.
    This document was recorded in the New Haven Land records.

25. CW's 2009 Schedule C Federal Income Tax return listed the income and
    deductions attributable to Spring Street. Ex. B

26. The captioned lawsuits all have a return date of April 23, 2010.

27. CW did orally revoke the November 15, 2004 power of attorney she had given to
    KH prior to KH conveying the Spring Street property to Asaga Kendrick on April
    25, 2009.

**First Legal Issue:**

Has the plaintiff Kwame Nkrumah established by a fair preponderance of the evidence
that he is the landlord/lessor/owner of the Spring Street property as of April 23, 2010?

**Legal Rationale:**

Kwame Nkrumah argues that he is the landlord/lessor/owner by virtue of a series of
documents: a power of attorney and two quit claim deeds. The court traces the
transactions and legal effect of the documents below.

A "power of attorney" is "an instrument in writing authorizing another to act as one's
agent. The person holding a power of attorney is known as an attorney-in-fact thus
distinguishing him from an attorney at law." *McLaren Gold Mines Co. v. Morton, et al.,*
224 P.2d 975, 979, 124 Mont. 382 (1950). "By attorney in fact is meant one who is given
authority by his principal to do a particular act not of a legal character." *Treat v. Tolman.*
113 F. 892, 893, 51 C.C.A. 522 (2d Cir.1902). "An attorney in fact may, of course, be an
attorney at law, even though every attorney in fact is not an attorney at law." *National
Coal & Coke Co. v. McElvain.* 21 F.Supp. 838 (D.Texas.1938). "A letter or power of
attorney is commonly understood to be a formal document authorizing some act which
shall have a binding effect upon the person making such power of attorney." *People v.
Smith,* 112 Mich. 192, 70 N.W. 466 (1897). "The general rule, therefore, is that a letter of
attorney may, at any time, be revoked by the party who makes it; and is revoked by his
death . . Where a letter of attorney forms a part of a contract, and is a security for money,
or the performance of any act which is deemed valuable, it is generally made irrevocable
in terms, or if not so, is deemed irrevocable in law." *Hunt v. Rousmanier's
Administrators,* 8 Wheat. 174, 201, 1 Pet. 1 (1823). "The rules governing the
interpretation of written instruments generally govern the construction of powers of
attorney. First and foremost the intention of the parties as it existed at the time the powers
were granted is to be ascertained. Next, and when ascertained, that intention is to be
given effect. The intention is to be ascertained from the writing alone, if possible."
*McLaren Gold Mines Co. v. Morton, supra,* 224 P.2d 979.

The instant power of attorney, executed by Carolyn Woodson on November 15, 2004 in favor of her brother, Kwame Nkrumah, 10 months prior to Carolyn Woodson acquiring title to the real property known as 216-218 Spring Street, New Haven CT, was orally revoked by Carolyn Woodson during her conversation with Kwame Nkrumah during the Spring of 2008. Kwame Nkrumah was not an attorney in fact but simply the holder of the power of attorney. His power to act for and on behalf of Carolyn Woodson was limited to the aforementioned power of attorney, once that power of attorney was revoked, Nkrumah had no power or authority to act for or on behalf of Carolyn Woodson.

The April 25, 2009 Quit Claim deed of 216-218 Spring Street, Ex. 3, signed by the plaintiff, "Kwame Nkrumah POA for Carolyn Woodson" is of no legal significance as the power of attorney under which Kwame Nkrumah claimed his authority was no longer operative. Carolyn Woodson had revoked the power of attorney in favor of Kwame Nkrumah approximately one year before the deed was signed.

Additionally, assuming arguendo that Carolyn Woodson had not orally revoked said power of attorney which this court specifically finds she did do, the actions by Kwame Nkrumah would not be a valid exercise of said power. Nkrumah, having had a serious disagreement with his sister, quit claimed the subject property to Asaga Kendrick in consideration of "one Dollar and other valuable considerations not exceeding one hundred dollars" – the same being a property which Ms. Woodson had acquired for $277,000.00 in September 2005 and which Ms. Woodson remained responsible for and continued paying a substantial purchase money note and secured by mortgage on said property.

Shortly after the April 25, 2009 Quit Claim deed from Nkrumah to Kendrick, on February 17, 2010 Asaga Kendrick executed a Quit Claim deed, Ex. 6, for the same consideration as he had 'paid' to receive the quit claim interest in the property, in favor of Kwame Nkrumah. Nkrumah advised the court that Kendrick was a 'straw man' in this transaction.

Nkrumah urges the court to interpret Ms. Woodson's 2004 power of attorney as
authorizing Kwame Nkrumah to transfer the subject real estate, without apparent
economic consideration, and without the knowledge, permission and direction of Carolyn
Woodson, from Carolyn Woodson to Kwame Nkrumah – while leaving Ms. Woodson to
pay the purchase money note. If the power of attorney existed, which this court finds it
did not, on April 25, 2009, Nkrumah's self dealing 'straw man' transaction would have
been beyond the authority given by the power of attorney. A power of attorney is not a
license to steal.

**Holding:**

Kwame Nkrumah has failed to prove, by a fair preponderance of the evidence, that he
was the lessor/landlord/owner of the Spring Street property as of April 23, 2010.

Legal Rationale:

Carolyn Woodson acquired the title to Spring Street in the September 8, 2005 warranty
deed from Robert E. Artis. She never conveyed any interest in that title to any third
party.

Carolyn Woodson executed and delivered a Power of Attorney to Kwame Nkrumah on
November 15, 2004, a day before she acquired an interest in Hobart Street real property
in New Haven CT for the purpose of empowering her brother, KH, to act as property
manager of her real estate located in New Haven, CT and CA.

Carolyn Woodson verbally revoked the aforementioned Power of Attorney in 2008,
during a discussion with her brother, when her relationship with her brother, KH,
deteriorated and disagreements arose between them.

# "EXHIBIT B"

# "EXHIBIT B"

## CURRENT BILLING INFORMATION

BILLING DATE..............................................03/28/16
WATER FOR SERVICE FROM.....12/18/15 to 03/16/16
CURRENT METER READING............................156100

USAGE THIS PERIOD
: 32 CCF (23,936 Gallons)
    (Actual)
THIS PERIOD LAST YEAR

              92 CCF (68,816 Gallons)
              (Actual)

Each 100 Cubic feet (CCF) equals 748 gallons of water

## PAYMENT HISTORY & TERMS

LAST PAYMENT..................................................$0.00

Balances over 30 days old are subject to an interest charge
of 1.5% per month. To avoid interest on the current
charges, payment must be received by 04/27/16. Please
allow time for mailing and processing.

## CUSTOMER INFORMATION

### Try RWA Online Solution - Go Paperless
- Manage your account
- Set up Electronic Billing
- Make a Payment

### Protect Your Family from Scams
NEVER allow an unexpected service person into your
home without checking their ID. Also, look for the
Regional Water Authority (RWA) logo on their shirt or
jacket and for an RWA vehicle.

### Go to www.rwater.com for more details

*IMPORTANT BILLING INFORMATION ON REVERSE SIDE*

## CHARGES

BALANCE FORWARD.................................... 37,005.00
WATER CHARGES
   5/8 INCH METER # 0043586342
      SERVICE CHARGE....................53.68
      USAGE CHARGE
      32 CCF x $3.6840..............117.89
TOTAL CURRENT WATER CHARGE.....................171.57
INTEREST CHARGE....................................... 1,067.98

**PLEASE PAY THIS AMOUNT......................... $38,244.55**

URGENT: THE BALANCE FORWARD MAY BE SUBJECT TO
IMMEDIATE COLLECTION ACTION

Bills may be paid at these locations:
East Haven - United Check Cashing - 689 Foxon Rd
East Haven - Alex Grocery - 418 Main St
Hamden - CT State Check Cashing - 960 Dixwell Ave
Hamden - Krausrer's - 1959 State St
Milford - Shop Rite Supermarket - 155 Cherry St
New Haven - RWA Office - 90 Sargent Dr
New Haven - Visel's Pharmacy - 714 Dixwell Ave
New Haven - C-Town Supermarket - 325 Ferry St
New Haven - C-Town Supermarket - 482 Greenwich Ave
New Haven - CT State Check Cashing - 426 Whalley Ave
New Haven - CT State Check Cashing - 456 Elm Grand Blvd
West Haven - C & A Market - 1088 Boston Post Rd
West Haven - Express Pawn - 961 First Ave
West Haven - Grillo's Market - 137 Campbell Ave
West Haven - Shop Rite Supermarket - 1131 Campbell Ave

REGIONAL WATER AUTHORITY CUSTOMER SERVICE - 90 SARGENT DRIVE, NEW HAVEN, CT 06511-5966 - TELEPHONE: (203) 562-4020

Form  00853

Regional **Water** Authority

To pay your bill, go to www.rwater.com or call (203) 562-4020 with your account pin number. Your default pin number is the last four digits of your account number.

**Contribution**
- ☐ $5
- ☐ $1
- ☐ Other: _____

AMOUNT DUE **$11.94**

AMOUNT PAID

0211694526000000011944

*EXHIBIT B*

꠸꠸ꠖꠤꠦꠥꠤꠦꠥꠤꠦꠥꠤꠦꠥꠤꠦꠥ

KWAME NKRUMAH
216 SPRING ST
NEW HAVEN CT 06519-2126

REGIONAL WATER AUTHORITY
PO BOX 981102
BOSTON MA 02298-1102

꠸ꠖꠤꠦꠥꠤꠦꠥꠤꠦꠥꠤꠦꠥꠤꠦꠥꠤ

PLEASE DETACH THIS PORTION OF THE BILL AND ENCLOSE WITH YOUR PAYMENT   **211694526**   **PAYABLE UPON RECEIPT**

---

| METER NUMBER | ACCOUNT NUMBER | SERVICE ADDRESS |
|---|---|---|
| 0043586342 | 211694526 | 216-218 SPRING ST |

**CURRENT BILLING INFORMATION**

BILLING DATE............................................05/02/16
WATER FOR SERVICE FROM.....03/05/16 to 03/18/16
CURRENT METER READING...........................156100

USAGE THIS PERIOD
1 CCF (748 Gallons)
(Actual)
THIS PERIOD LAST YEAR
34 CCF (25,432 Gallons)
(Actual)

Each 100 Cubic feet (CCF) equals 748 gallons of water

**PAYMENT HISTORY & TERMS**

LAST PAYMENT....................................................$0.00

Balances over 30 days old are subject to an interest charge of 1.5% per month. To avoid interest on the current charges, payment must be received by 06/01/16. Please allow time for mailing and processing.

**CUSTOMER INFORMATION**

### Try RWA Online Solution - Go Paperless
- Manage your account
- Set up Electronic Billing
- Make a Payment

### Protect Your Family from Scams
NEVER allow an unexpected service person into your home without checking their ID. Also, look for the Regional Water Authority (RWA) logo on their shirt or jacket and for an RWA vehicle.

Go to **www.rwater.com** for more details

*IMPORTANT BILLING INFORMATION ON REVERSE SIDE*

**CHARGES**

WATER CHARGES
**5/8 INCH METER # 0043586342**
  SERVICE CHARGE.....................8.26
  USAGE CHARGE
  1 CCF x $3.6840.....................3.68
TOTAL CURRENT WATER CHARGE.....................11.94

**PLEASE PAY THIS AMOUNT..............................$11.94**

Bills may be paid at these locations:
East Haven - United Check Cashing - 689 Foxon Rd
East Haven - Alex Grocery - 418 Main St
Hamden - CT State Check Cashing - 960 Dixwell Ave
Hamden - Krauszer's - 1959 State St
Milford - Shop Rite Supermarket - 155 Cherry St
New Haven - RWA Office - 90 Sargent Dr
New Haven - Visel's Pharmacy - 714 Dixwell Ave
New Haven - C-Town Supermarket - 325 Ferry St
New Haven - C-Town Supermarket - 482 Greenwich Ave
New Haven - CT State Check Cashing - 126 Whalley Ave
New Haven - CT State Check Cashing - 630 Ella Grasso Blvd
West Haven - C & A Market - 1088 Boston Post Rd
West Haven - Express Pawn - 961 First Ave
West Haven - Gino's Market - 107 Campbell Ave
West Haven - Shop Rite Supermarket - 1131 Campbell Ave

REGIONAL WATER AUTHORITY CUSTOMER SERVICE - 90 SARGENT DRIVE, NEW HAVEN, CT 06511-5966 - TELEPHONE: (203) 562-4020

Form   00601

# EXHIBIT B

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Kwame Cinque Nkrumah** | | Social Security number or ITIN    xxx–xx–1601 |
| | First Name    Middle Name    Last Name | | EIN |
| Debtor 2 | | | Social Security number or ITIN |
| (Spouse, if filing) | First Name    Middle Name    Last Name | | EIN |

United States Bankruptcy Court    District of Connecticut

Case number:  16–30323 jam

## Order of Discharge                                                                  12/15

IT IS ORDERED: A discharge under 11 U.S.C. § 727 is granted to:

    Kwame Cinque Nkrumah

    6/28/16                                     By the court:  Julie A. Manning
                                            United States Bankruptcy Judge

## Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

For more information, see page 2 >

2839016268016

**"EXHiBiTB"**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ✦ debts that are domestic support obligations;

- ✦ debts for most student loans;

- ✦ debts for most taxes;

- ✦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ✦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ✦ some debts which the debtors did not properly list;

- ✦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ✦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.

# "EXHIBIT C"

≈Regional **Water**Authority

**South Central Connecticut Regional Water Authority**
*90 Sargent Drive, New Haven, Connecticut 06511-5966  203.562.4020*
*http://www.rwater.com*

May 10, 2017

Lula Woodson
678 Elm St., Fl. 2
New Haven, CT 06511-4120

> Re: 216-218 Spring St., New Haven
> Acct #:  211768544
> Delinquent Amount: $44,628.38

Dear Customer:

Your account is seriously past due. If you do not pay this amount immediately or make arrangements with one of our representatives, this account will be forwarded to our attorney.

Our attorney will ask the court to appoint a receiver to collect all the common charges and/or rents from your tenants. Once our attorney is involved, attorney fees and costs will be incurred regardless of whether a receiver is appointed by the court. All fees and costs will be added to your account. Payments that you make will be applied to the outstanding balance as well as to fees and costs. If the court does appoint a receiver, the fees for the attorney, sheriff and court will be at least $889.00.

The receiver will pay, from the common charges and rents he collects, the delinquent amount for water service, current water bills, court costs, sheriff's fees, our attorney's fees, and the receiver's fees and costs. When these amounts are paid in full, the court will order that the occupants resume payment to you. If you attempt to collect payments after the receiver is appointed, you may be found to be in contempt of court.

If you are served with a summons to appear in court, you will be responsible for all fees and costs. Paying only your water charges will not prevent us from going forward with this court action. If you wish to stop this action, you must contact us to find out what the total due is.

If a receiver is appointed, a formal lien may be filed on the land records. All costs involved in taking this action will be your responsibility.

Our representatives are available Monday – Friday from 8:00 A.M. to 6:00 P.M. at (203) 562-4020 to answer any questions you have pertaining to this matter.

> Sincerely,
>
> Regional Water Authority
>
> Collection Department

MAS

**"EXHIBIT C"**



The Watershed Fund

☐ $10
☐ $5
☐ $1
☐ Other: _____

**AMOUNT DUE**
**$44,248.46**

**AMOUNT PAID**

To pay your bill, go to www.rwater.com or call (203) 562-4020 with your 4-digit pin number. Your default pin number is the last four digits of your account number.

02117685440004424846b

ᵈᵘᵗᵘᵗᵘᵗᵘᵗᵘᵗᵘᵗᵘᵗᵘᵗᵘᵗᵘᵗᵘ
LULA WOODSON
678 ELM ST, FL 2
NEW HAVEN CT 06511-4120

**REMINDER NOTICE**

REGIONAL WATER AUTHORITY
PO BOX 981102
BOSTON MA 02298-1102
ᵈᵘᵗᵘᵗᵘᵗᵘᵗᵘᵗᵘᵗᵘᵗᵘᵗᵘᵗᵘ

- - - - - - - - - - PLEASE DETACH THIS PORTION OF THE BILL AND ENCLOSE WITH YOUR PAYMENT - - - - - - - - - - - - **211768544** - - - - - - - - -

| METER NUMBER | ACCOUNT NUMBER | SERVICE ADDRESS |
|---|---|---|
| 0043586342 | 211768544 | 216-218 SPRING ST |

# 30 DAY REMINDER NOTICE

| | |
|---|---|
| NOTICE DATE | 04/04/2017 |
| WATER CHARGES | $24,247.66 |
| FIRE SERVICE CHARGES | $0.00 |
| PRODUCTS AND SERVICES | $0.00 |
| MISCELLANEOUS CHARGES | $1,083.00 |
| INTEREST DUE | $18,917.80 |
| **AMOUNT DUE** | **$44,248.46** |

**YOUR IMMEDIATE PAYMENT IS REQUIRED.**
IF YOUR PAYMENT HAS BEEN MAILED, PLEASE ACCEPT
OUR THANKS AND DISREGARD THIS NOTICE

**Any invoices not paid when due will constitute a lien against the premises.**

| | |
|---|---|
| LAST PAYMENT | $0.00 |
| RECEIVED ON | |

**Bills may be paid at these locations**

East Haven - United Check Cashing - 689 Foxon Rd
East Haven - Alex Grocery - 418 Main St
Hamden - CT State Check Cashing - 960 Dixwell Ave
Hamden - Krauszer's - 1959 State St
New Haven - C-Town Supermarket - 325 Ferry St
New Haven - C-Town Supermarket - 482 Greenwich Ave
New Haven - CT State Check Cashing - 428 Whalley Ave

New Haven - CT State Check Cashing - 630 Ella Grasso Blvd
New Haven - RWA Office - 90 Sargent Dr
New Haven - Visel's Pharmacy - 714 Dixwell Ave
West Haven - C & A Market - 1088 Boston Post Rd
West Haven - Grillo's Market - 137 Campbell Ave
West Haven - Shop Rite Supermarket - 1131 Campbell Ave

*IMPORTANT BILLING INFORMATION ON THE REVERSE SIDE*

REGIONAL WATER AUTHORITY   CUSTOMER SERVICE - 90 SARGENT DRIVE, NEW HAVEN, CT 06511-5966 TELEPHONE (203) 562-4020

# "EXHIBIT D"

**EXHIBIT D**



**GNH**  Greater New Haven
Water Pollution Control Authority

Please See Important information on reverse side

**For Customer Service, Call 203-776-3570 or 203-776-3713**

Service Address:
216-18 SPRING ST NEW HAVEN

**Account Number : 0147636-00337493**

# NOTICE OF INTENT TO FILE LIEN

**THE COLLECTOR OF SEWERAGE SYSTEM CONNECTION AND SEWERAGE CHARGES
OF THE GREATER NEW HAVEN WATER POLLUTION CONTROL AUTHORITY (GNHWPCA)
IN THE COUNTY OF NEW HAVEN, STATE OF CONNECTICUT,** hereby continues for a period of
not more than fifteen(15) years from the date hereof a lien for sewer use charges in favor of the
GNHWPCA, upon certain real estate situated in the city of New Haven and in the County of New Haven,
which real estate is described as service address referenced above, and together with rights-of-way and
other easements appurtenant thereto.

The lien continued by this notice is to secure payment of sewer use charges in the amount of $413.28, for the
period of 01/01/2017 - 06/30/2017, due to said GNHWPCA, with legal interest, fees and charges thereon, in the
name of: LULA WOODSON and SHANNON NKRUMAH which charges became due on or before 06/30/2017.

LIEN FEE is $14.00

| | |
|---|---|
| **Notice Date** | 08/29/2017 |
| **Payment Due Date** | 09/22/2017 |
| **Total Amount Due** | **$6,900.47** |

**In order to avoid this Lien, the total amount due must be received by the payment due date above.**

The charges listed above are delinquent. Interest charges of 1.5% have been applied to the amount due. Interest
will continue to be charged every 30 days on all unpaid balances.

Past Due Accounts : If your account has been referred to a collection firm, you are responsible for all additional
fees associated with the collection of this debt.

Pay Online: Visit www.gnhwpca.com to register

 Return bottom portion with your payment. Include your account number on check and make payable to: GNHWPCA
AP.00 11067 Vf01 00000 983 *12162*

---

 Greater New Haven
Water Pollution Control Authority
P.O. Box 150486, Hartford, CT 06115

Amount Due:   **$6,900.47**

Notice of Intent to File Lien

Account Number: 0147636-00337493

Service Address:
216-18 SPRING ST
NEW HAVEN

LULA WOODSON
SHANNON NKRUMAH
678 ELM ST FL 2
NEW HAVEN, CT 06511-4120

0002

Please check here & use reverse side for
mailing address or name corrections   [ ]

01476360033749300069004?7

# "EXHIBIT E"

**"EXHIBIT E"**



Case 17-31023    Doc 13    Filed 11/21/17    Entered 11/21/17 09:41:53    Desc Main
**Greater New Haven**    Document    Page 31 of 56    Please See Important information on reverse side
**Water Pollution Control Authority**

**For Customer Service, Call 203-776-3570 or 203-776-3713**

Service Address:
216-18 SPRING ST NEW HAVEN

**Account Number : 0147636-00337493**

# NOTICE OF INTENT TO FILE LIEN

**THE COLLECTOR OF SEWERAGE SYSTEM CONNECTION AND SEWERAGE CHARGES OF THE GREATER NEW HAVEN WATER POLLUTION CONTROL AUTHORITY (GNHWPCA) IN THE COUNTY OF NEW HAVEN, STATE OF CONNECTICUT,** hereby continues for a period of not more than fifteen(15) years from the date hereof a lien for sewer use charges in favor of the GNHWPCA, upon certain real estate situated in the city of New Haven and in the County of New Haven, which real estate is described as service address referenced above, and together with rights-of-way and other easements appurtenant thereto.

The lien continued by this notice is to secure payment of sewer use charges in the amount of $413.28, for the period of 01/01/2017 - 06/30/2017, due to said GNHWPCA, with legal interest, fees and charges thereon, in the name of: LULA WOODSON and SHANNON NKRUMAH which charges became due on or before 06/30/2017.

LIEN FEE is $14.00

| | |
|---|---|
| Notice Date | 08/29/2017 |
| Payment Due Date | 09/22/2017 |
| Total Amount Due | $6,900.47 |

**In order to avoid this Lien, the total amount due must be received by the payment due date above.**

The charges listed above are delinquent. Interest charges of 1.5% have been applied to the amount due. Interest will continue to be charged every 30 days on all unpaid balances.

Past Due Accounts : If your account has been referred to a collection firm, you are responsible for all additional fees associated with the collection of this debt.

Pay Online: Visit www.gnhwpca.com to register

    Return bottom portion with your payment. Include your account number on check and make payable to: GNHWPCA
A0002 00382 V001 00000893 1121020



Greater New Haven
Water Pollution Control Authority
P.O. Box 150486, Hartford, CT 06115

Amount Due:    **$6,900.47**

Notice of Intent to File Lien

Account Number: 0147636-00337493

Service Address:
216-18 SPRING ST
NEW HAVEN

LULA WOODSON
SHANNON NKRUMAH
678 ELM ST FL 2
NEW HAVEN, CT 06511-4120

0002

Please check here & use reverse side for
mailing address or name corrections    [  ]

01476360033749300069004 77

"*EXHIBIT E*"

≈Regional **Water** Authority

**South Central Connecticut Regional Water Authority**
90 Sargent Drive, New Haven, Connecticut 06511-5966  203.562.4020
http://www.rwater.com

May 10, 2017

Lula Woodson
678 Elm St., Fl. 2
New Haven, CT 06511-4120

Re: 216-218 Spring St., New Haven
Acct #: 211768544
Delinquent Amount: $44,628.38

Dear Customer:

Your account is seriously past due. If you do not pay this amount immediately or make arrangements with one of our representatives, this account will be forwarded to our attorney.

Our attorney will ask the court to appoint a receiver to collect all the common charges and/or rents from your tenants. Once our attorney is involved, attorney fees and costs will be incurred regardless of whether a receiver is appointed by the court. All fees and costs will be added to your account. Payments that you make will be applied to the outstanding balance as well as to fees and costs. If the court does appoint a receiver, the fees for the attorney, sheriff and court will be at least $889.00.

The receiver will pay, from the common charges and rents he collects, the delinquent amount for water service, current water bills, court costs, sheriff's fees, our attorney's fees, and the receiver's fees and costs. When these amounts are paid in full, the court will order that the occupants resume payment to you. If you attempt to collect payments after the receiver is appointed, you may be found to be in contempt of court.

If you are served with a summons to appear in court, you will be responsible for all fees and costs. Paying only your water charges will not prevent us from going forward with this court action. If you wish to stop this action, you must contact us to find out what the total due is.

If a receiver is appointed, a formal lien may be filed on the land records. All costs involved in taking this action will be your responsibility.

Our representatives are available Monday – Friday from 8:00 A.M. to 6:00 P.M. at (203) 562-4020 to answer any questions you have pertaining to this matter.

Sincerely,

Regional Water Authority

Collection Department

MAS

≈Regional**Water**Authority



To pay your bill, go to www.rwater.com or call (203) 562-4020 with your 4-digit pin number. Your default pin number is the last four digits of your account number.

The Watershed Fund

Document    Received 11-20-17    11/21/17 09:11:58 am    Page 626

☐ Contribution Desc
☐ $10
☐ $5
☐ $1
☐ Other: _____

**AMOUNT DUE**
**$44,248.46**

AMOUNT PAID

02117685440004424846b

|�funy|ᵘ|ᵘ|ᵘ||ᵘ|ᵘ|ᵘᵘ|ᵘᵘ|ᵘ||ᵘ|ᵘ|ᵘᵘ|ᵘ|ᵘ|
LULA WOODSON
678 ELM ST, FL 2
NEW HAVEN CT 06511-4120

**REMINDER NOTICE**

REGIONAL WATER AUTHORITY
PO BOX 981102
BOSTON MA 02298-1102
|ᵘ|ᵘ|ᵘ||ᵘ||ᵘ||ᵘ|ᵘ|ᵘᵘᵘ||ᵘ|ᵘ||ᵘ||ᵘ|ᵘ||ᵘ||ᵘ||ᵘ|ᵘ||ᵘ||

- - - - - - - PLEASE DETACH THIS PORTION OF THE BILL AND ENCLOSE WITH YOUR PAYMENT - - - - - **211768544** - - - - - -

| METER NUMBER | ACCOUNT NUMBER | SERVICE ADDRESS |
|---|---|---|
| 0043586342 | 211768544 | 216-218 SPRING ST |

# 30 DAY REMINDER NOTICE

| | |
|---|---|
| NOTICE DATE | 04/04/2017 |
| WATER CHARGES | $24,247.66 |
| FIRE SERVICE CHARGES | $0.00 |
| PRODUCTS AND SERVICES | $0.00 |
| MISCELLANEOUS CHARGES | $1,083.00 |
| INTEREST DUE | $18,917.80 |
| **AMOUNT DUE** | **$44,248.46** |

**YOUR IMMEDIATE PAYMENT IS REQUIRED.**
IF YOUR PAYMENT HAS BEEN MAILED, PLEASE ACCEPT OUR THANKS AND DISREGARD THIS NOTICE

**Any invoices not paid when due will constitute a lien against the premises.**

| | |
|---|---|
| LAST PAYMENT RECEIVED ON | $0.00 |

**Bills may be paid at these locations**

East Haven - United Check Cashing - 689 Foxon Rd
East Haven - Alex Grocery - 418 Main St
Hamden - CT State Check Cashing - 960 Dixwell Ave
Hamden - Krauszer's - 1969 State St
New Haven - C-Town Supermarket - 325 Ferry St
New Haven - C-Town Supermarket - 482 Greenwich Ave
New Haven - CT State Check Cashing - 426 Whalley Ave

New Haven - CT State Check Cashing - 630 Ella Grasso Blvd
New Haven - RWA Office - 90 Sargent Dr
New Haven - Visel's Pharmacy - 714 Dixwell Ave
West Haven - C & A Market - 1088 Boston Post Rd
West Haven - Grillo's Market - 137 Campbell Ave
West Haven - Shop Rite Supermarket - 1131 Campbell Ave

*IMPORTANT BILLING INFORMATION ON THE REVERSE SIDE*

REGIONAL WATER AUTHORITY    CUSTOMER SERVICE - 90 SARGENT DRIVE, NEW HAVEN, CT 06511-5966 TELEPHONE (203) 562-4020

# "EXHIBIT F"

**"EXHIBIT F"**

# UNITED STATES BANKRUPTCY COURT

## NEW HAVEN DISTRICT OF CONNECTICUT

In re <u>Lula Mae Woodson</u>                     <u>Case No. 17-31023 amn</u>
    Debtor                                             Chapter 7

## <u>AFFIDAVAT</u>

That I Antonio Setzer owner of Achieve Investment Group, LLC state that I am over the age of eighteen years of age, that I can read, write and understand the English Language and being duly depose and under OATH and under penalty of perjury make the following statements of my own free will, without fears, threats or promises, knowing full well whatever is contained could be used in court.

To the Honorable Bankruptcy Judge and Court the debtor Lula Mae Woodson does not owe my company Achieve Investment Group, LLC eighty thousand dollars. Lula Mae Woodson is an elderly confused woman who believes she owes us.

I, Antonio Setzer, would be willing to come to court and testify to the above statements.

_____          _____
Owner Achieve Investment Group, LLC          Witness – Dated

                                              _____
                                              Witness - Dated

STATE OF _<u>Connecticut</u>_
COUNTY OF _<u>New Haven</u>_

I, _<u>Janet Funaro</u>_, Notary Public in and for the state of <u>CT</u>, do hereby certify that on the _<u>17</u>_ day of (mo.) _<u>NOVEMBER</u>_ (yr.) _<u>2017</u>_, personally appeared before me _<u>Antonio Setzer</u>_ known to be the individual described in and who executed the within instrument and acknowledged that _<u>he</u>_ Signed the same as _<u>document</u>_ free and voluntary act and deed for the uses and purposes herein mentioned. CT lic 176925384 X 3/30/20

Given under my hand and official seal this _<u>17th</u>_ day of (mo.) _<u>NOVEMBER</u>_ (yr.) _<u>2017</u>_.
Commission expires (mo./day) _<u>3/31</u>_ (yr.) _<u>2019</u>_.

_____
            Notary Public

Janet Funaro
*Notary Public*
My Commission Expires March 31, 2019

# CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 14th day of November, 2017, to:


Regional Water Authority
PO Box 981102
Boston, MA 02298-1102

Achieve Investment Group, LLC
PO Box 9209
New Haven, CT 06533


Greater New Haven
Water Pollution Control Authority
PO Box 150486
Hartford, CT 06115

Howard Lee Schiff P.C.
510 Tolland Street
PO Box 280245
East Hartford, CT 06108



*Lula M Woodson*
Debtor Lula Mae Woodson pro se
1012 Old Colony Road, Lot 46
Meriden, CT 06451